Defendant-appellant, Scott Schaefer, appeals his conviction in the Belmont County Court, Western Division, on one count of disorderly conduct and one count of resisting arrest.
According to testimony adduced at trial, appellant had been attending the Jamboree in the Hills event on July 20, 1996. An argument developed between appellant and an event security person who accused appellant of smoking marijuana. Officer Michael Roberts of the Belmont County Sheriff's Department did not see appellant smoke marijuana, and upon arrival at the scene, told the event security person that he would not remove appellant from the site for conduct he had not witnessed. However, appellant became irate and refused to calm down when requested to by Roberts. Roberts eventually told appellant that if he did not calm down he would be escorted from the event.
Appellant refused to calm down and so Roberts and another officer escorted appellant from the site. During this time, appellant apparently struggled with the officers and threatened physical harm to them. As appellant was approaching the exit, he requested to speak to the officers' supervisor and was taken to the police command post. Once inside, appellant continued to threaten physical harm to various officers, at which point he was arrested for disorderly conduct. Once handcuffed, appellant continued to struggle with the officers as he was taken to the police cruiser. When appellant reached the cruiser, he refused to enter it, and one of the officers had to pull appellant into the car from the other side. Appellant was then transported to the Belmont County Jail.
On July 23, 1996, a complaint was filed in the Belmont County Court, Western Division, charging appellant with disorderly conduct, in violation of R.C. 2917.11(A)(1) and resisting arrest, in violation of R.C. 2921.33(A). A bench trial commenced on September 10, 1996. After plaintiff-appellee, State of Ohio, had rested its case, appellant, upon request, was granted a continuance until October 8, 1996 to present his defense. The trial eventually resumed on November 21, 1996. The trial court took its decision under advisement, and on December 6, 1996 found appellant guilty on both counts charged. For the charge of disorderly conduct appellant was sentenced to ninety days in jail, forty-five of which were suspended. Appellant also received a fine of $500 and costs of $61. For the resisting arrest charge appellant was sentenced to thirty days in jail, all of which were suspended.
On January 31, 1997 appellant filed a notice of appeal and a motion for stay of execution of sentence during the pendency of the appeal. On February 3, 1997 the trial court stayed execution of sentence pending the appeal. Appellant's brief was filed on December 30, 1997, and appellee's answer brief was filed on February 4, 1998. It wasn't until November 12, 1998 that appellant filed a partial transcript of the proceedings of the hearing held on November 21, 1996, which included only appellant's presentation of evidence. By journal entry dated December 1, 1998, this court granted appellant forty-five days in which to file an entire transcript of proceedings, including the proceedings held on September 10, 1996. Appellant didn't file the requested transcript until February 23, 1999.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THE APPELLANT GUILTY AS THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences, and determine whether in resolving conflicts in the evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins
(1997), 78 Ohio St.3d 380, 387.
 "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.' " Id.
(Emphasis sic.)
In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. Id., at 390. (Cook, J., concurring).
Notwithstanding disregard for the Rules of Appellate Procedure in the late filings of the transcripts of proceedings after liberal extension had been granted, we have nonetheless considered and reviewed the record and find more than enough competent, credible evidence to sustain appellant's convictions. Several of the witnesses offered by appellee testified that appellant threatened them with physical harm as he was being escorted from the event. Specifically, appellant threatened Captain Ron Everett by stating that he would shoot him if he saw him in the woods. In addition, several police officers testified that once placed under arrest, appellant struggled with the officers and had to be physically pulled into the police cruiser. Although there was some conflict in the evidence regarding the time of appellant's arrest, we cannot say that in resolving this conflict the trial court clearly lost its way. Rather, the greater amount of credible evidence supports appellant's convictions for disorderly conduct and resisting arrest.
Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs
Vukovich, J., concurs
APPROVED:
 ------------------------- Gene Donofrio Presiding Judge